## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:17-cv-00467-JDL ) |
| HEALTH RESEARCH LABORATORIES, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

### ORDER

The Federal Trade Commission and the State of Maine (collectively, "Plaintiffs") bring this civil contempt proceeding against Health Research Laboratories, LLC, Kramer Duhon, and Whole Body Supplements, LLC (collectively, "Contempt Defendants"), for alleged violations of Section II.H of the Stipulated Final Judgment and Order previously entered in this action ("the Judgment"). In addition to moving for an Order to Show Cause (ECF No. 21), the Plaintiffs move to modify the Judgment (ECF No. 22). Health Research Laboratories and Duhon cross-move to modify the Judgment (ECF No. 30), and the Contempt Defendants move to stay the contempt proceedings until the cross-motions to modify the Judgment are resolved (ECF No. 31). For the reasons that follow, I deny the Plaintiffs' motion for an Order to Show Cause and the Plaintiffs' motion to modify the Judgment; I deny as moot the Contempt Defendants' motion to stay; and I grant the Plaintiffs the opportunity to file a motion seeking leave to file an amended motion for an Order to Show Cause.

1

## I.  LEGAL STANDARD

"Civil contempt may be imposed to compel compliance with a court order or to compensate a party harmed by non-compliance." *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).  "To prove civil contempt, a movant must show that (1) the alleged contemnor had notice of the order, (2) 'the order was clear and unambiguous,' (3) the alleged contemnor 'had the ability to comply with the order,' and (4) the alleged contemnor violated the order." *Hawkins v. Dep't of Health & Human Servs.*, 665 F.3d 25, 31 (1st Cir. 2012) (quoting *Saccoccia*, 433 F.3d at 27).  When evaluating whether a court order is "clear and unambiguous," the question is "not whether the order is clearly worded as a general matter." *Saccoccia*, 433 F.3d at 28.  Instead, the "clear and unambiguous" prong "requires that the words of the court's order have clearly and unambiguously forbidden the precise conduct on which the contempt allegation is based." *Id.* (emphasis omitted) (citing *Perez v. Danbury Hosp.*, 347 F.3d 419, 424 (2d Cir. 2003)).  Indeed, the language of the order must leave "no reasonable doubt" that the allegedly contumacious conduct is prohibited.  *Id.* (quoting *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 17 (1st Cir. 1991)).

## II.  DISCUSSION

On July 31, 2020, I issued an Order holding that Section II.H of the Judgment was facially ambiguous.  *See FTC v. Health Research Labs., LLC*, No. 2:17-cv-00467-JDL, 2020 WL 4431497, at *7 (D. Me. July 31, 2020).  The Order left open the question of whether the Plaintiffs may introduce extrinsic evidence for the purpose of showing that Section II.H of the Judgment "clearly and unambiguously" prohibited "the

precise conduct" on which their contempt allegations are based. *Id.* at \*4 n.2 (quoting *Saccoccia*, 433 F.3d at 28). Thus, the Order did not finally resolve whether Section II.H of the Judgment was "clear and unambiguous" for civil contempt purposes. *Id.*

On August 10, 2020, a video status conference was held to establish the framework for addressing the pending motions. At the conference, the Plaintiffs maintained their position that extrinsic evidence is admissible for purposes of determining whether Section II.H is clear and unambiguous, but indicated that in any event, they lacked sufficient extrinsic evidence to specifically prove that Section II.H clearly and unambiguously prohibits the conduct on which their contempt allegations are based. Thus, the Plaintiffs consented to a final ruling on the "clear and unambiguous" prong with respect to Section II.H without further briefing or hearing on that issue.

Because I have previously determined that Section II.H is facially ambiguous, and because the Plaintiffs do not seek a hearing at which to offer extrinsic evidence to cure the ambiguity, I conclude that Section II.H does not "clearly and unambiguously" prohibit the Contempt Defendants' allegedly contumacious conduct. Accordingly, I conclude as a matter of law that the allegations in the Plaintiffs' motion for an Order to Show Cause fail to support a finding of civil contempt under Section II.H, and the Plaintiffs' motion for an Order to Show Cause is denied. Additionally, because the Plaintiffs have represented that their motion to modify the Judgment "is predicated on Defendants' contempt" under Section II.H, ECF No. 42 at 2, their motion to modify the Judgment is denied.

At the status conference, the Plaintiffs expressed their intent to proceed on an alternative theory—that the Contempt Defendants violated Section III, not Section II.H, of the Judgment—and orally moved for leave to file an amended motion for an Order to Show Cause accordingly.  The Contempt Defendants opposed the Plaintiffs' request for leave to file an amended motion.  I declined to rule on the Plaintiffs' motion without the benefit of briefing by the parties on the same.

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Plaintiffs' motion for an Order to Show Cause (ECF No. 21) and the Plaintiffs' motion to modify the Judgment (ECF No. 22) are **DENIED**, and the Contempt Defendants' motion to stay briefing relating to the Plaintiffs' motion for an Order to Show Cause (ECF No. 31) is **DENIED** as moot.  Additionally, it is **ORDERED** that the Defendants shall notify the Court within 7 days whether they intend to withdraw their cross-motion to modify the Judgment (ECF No. 30).  Finally, it is **ORDERED** that the Plaintiffs shall file any motion for leave to file an amended motion for an Order to Show Cause, accompanied by the proposed amended motion, by October 31, 2020, after which briefing will proceed according to the schedule set forth in D. Me. Local R. 7.


**SO ORDERED.**

**Dated:  August 12, 2020**


_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**