UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:17-cv-00467-JDL ) |
| HEALTH RESEARCH LABORATORIES, LLC, et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION FOR ATTORNEY FEES**

Kramer Duhon and Health Research Laboratories, LLC (collectively, "Defendants"), move for an award of attorney fees that they incurred in successfully defending against civil contempt proceedings brought against them by the Federal Trade Commission (FTC) for allegedly violating the consent judgment entered in this case.[1] For the reasons that follow, I deny the motion.

## I. BACKGROUND

The FTC filed its complaint in late 2017, alleging that the Defendants made deceptive health- and disease-related claims about certain dietary supplements. In January 2018, with the parties' consent, I approved and entered a Stipulated Final Judgment and Order (the "Consent Judgment") (ECF No. 15), which, as relevant here, prohibits the Defendants from making several categories of representations, some more specific than others. For instance, Section I of the Consent Judgment

---

[1] The State of Maine is also a Plaintiff in this action and participated in the contempt proceedings, but because the Defendants do not seek to recover attorney fees from the State, I refer solely to the FTC for simplicity's sake.

prohibits the Defendants from making seven specific claims about their products' ability to cause weight loss. Of primary relevance here is Section II(H), which bars the Defendants from representing, among other things, that a product "[c]ures, mitigates, or treats any disease" unless they have obtained credible scientific evidence of that effect. ECF No. 15 at 8.

In December 2019, the FTC moved for an order to show cause, alleging that the Defendants had violated Section II of the Consent Judgment by making unsubstantiated claims that four products could cure, mitigate, or treat several diseases: diabetes, diabetic neuropathy, cardiovascular disease, atherosclerosis, and hypertension (ECF No. 21). The FTC also moved to modify the judgment to more specifically prohibit the Defendants from making all unsubstantiated health-related claims, arguing that the Consent Judgment had "failed to achieve its purpose of deterring" such claims. ECF No. 22 at 1. On July 31, 2020, I issued an order concluding that Section II of the Consent Judgment is facially ambiguous as to these diseases (ECF No. 49)—a setback for the FTC, because a finding of civil contempt "requires that the words of the court's order have clearly and unambiguously forbidden the precise conduct on which the contempt allegation is based." *United States v. Saccoccia*, 433 F.3d 19, 28 (1st Cir. 2005) (emphasis omitted).

On August 12, 2020, after a status conference, I issued an order denying both of the FTC's pending motions, pursuant to the FTC's acknowledgment that it "lacked sufficient extrinsic evidence to specifically prove that [Section II of the Consent Judgment] clearly and unambiguously prohibits the conduct on which [its] contempt allegations are based." ECF No. 52 at 3. However, I noted that the FTC had indicated

2

that it intended to proceed on an alternative contempt theory; accordingly, I set a deadline of October 31, 2020, for the FTC to file any motion for leave to amend its motion for a show-cause order.

October 31 came and went, but the FTC did not move to amend its motion. Instead, on November 13, the FTC initiated an administrative proceeding against the Defendants under Sections 5(a) and 12 of the Federal Trade Commission Act, 15 U.S.C.A. §§ 45(a), 52 (West 2020).

The Defendants have now moved to recoup the attorney fees that they incurred in defending against the contempt proceedings, on two specific grounds (ECF No. 55).[2] First, they contend that Fed. R. Civ. P. 41(d) permits a fee award because the FTC's claim in the administrative proceeding is based on the same conduct that underlay the contempt motion that did not succeed in this Court. Second, they argue that they are entitled to fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (West 2021), because the FTC's position was not substantially justified. I address these arguments in turn.

## II. DISCUSSION

### A.   Federal Rule of Civil Procedure 41(d)

Rule 41(d) provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." The Defendants argue that, because the parallel administrative case is based

---

[2] In their motion, the Defendants also requested that I issue a stay of the administrative proceeding. However, in their reply, they have expressly repudiated that request, and I do not address it.

3

on precisely the same conduct and marketing materials as the civil contempt proceedings—demonstrating, in the Defendants' eyes, that the FTC is engaged in simple forum shopping—the administrative proceeding falls within the spirit and purpose of Rule 41(d)'s provision for fees.

The Defendants' argument is irreconcilably at odds with the text and meaning of Rule 41(d). In order for the provision to apply, the plaintiff must have "previously dismissed [the] action." Fed. R. Civ. P. 41(d); *see White v. Telelect, Inc.*, 109 F.R.D. 655, 656-57 (S.D. Miss. 1986) (describing the "specific sequence of events" required for the application of Rule 41(d), and concluding that Rule 41(d) did not apply where the first action had still been pending when the second action was filed). That did not happen here. This action has not been dismissed by anyone. The FTC's attempt to enforce the Consent Judgment did not constitute a separate action, and the FTC's failure to establish that the Defendants violated the Consent Judgment did not clandestinely terminate the entire proceeding; indeed, the Defendants are still very much bound by the Consent Judgment over which this Court continues to retain jurisdiction. Because the action for which the Defendants seek costs has not been "previously dismissed," Rule 41(d) does not apply.[3]

Additionally, even if the FTC's decision to stop pursuing a contempt order in this Court could be considered a dismissal of an action, Rule 41(d) does not apply when the second "action" is an administrative proceeding. *See FTC v. Endo Pharm. Inc.*, Civ. No. 16-1440, 2017 WL 4583802, at *3 (E.D. Pa. Aug. 21, 2017). And the

---

[3] The Defendants raise various concerns about the impartiality of the administrative forum, but I do not address them because they have no bearing on the applicability of Rule 41(d) to this case.

4

very premise of Rule 41(d) is that the federal court awarding costs is the second court, not the first. *See Sargeant v. Hall*, 951 F.3d 1280, 1287-88 (11th Cir. 2020).

Because Rule 41(d) does not apply to the administrative proceeding that the FTC initiated in this case, it does not provide an avenue for the Defendants to recoup attorney fees.[4]

**B.    Equal Access to Justice Act**

"Under the EAJA, 'a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified . . . .'" *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)). The government's position "is 'substantially justified' if it is 'justified to a degree that could satisfy a reasonable person'—that is, if the position has a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The fact that the government has not prevailed is not dispositive: "[T]he substantial justification analysis does not hinge on whether the agency was right or wrong but on whether its actions were reasonable." *Aronov v. Napolitano*, 562 F.3d 84, 95 (1st Cir. 2009).

The question, then, is whether it was reasonable for the FTC to argue that the Consent Judgment "clearly and unambiguously" prohibited the Defendants from making the diabetes-related and other claims at issue. *Saccoccia*, 433 F.3d at 28. Although this question is not exactly the same as whether the FTC's interpretation of the Consent Judgment was a reasonable one, the difference is a matter of degree:

---

[4] Accordingly, I do not address the FTC's argument that the "costs" recoverable under Rule 41(d) do not include attorney fees, either generally or in this case. *See Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 24-25 (2d Cir. 2018).

the more reasonable the FTC's previous interpretation of the Consent Judgment, the more reasonable its current position that its interpretation was the only permissible one.

As I described at length in my prior order, the FTC's interpretation of the phrase "any disease" to unambiguously include all diseases was reasonable and "supported by the plain text and the broad purpose of the [Consent] Judgment." ECF No. 49 at 14. In reaching my conclusion that the Consent Judgment was nevertheless ambiguous, I relied solely on Section II's heading, which referred to three categories of health-related representations—weight loss claims, joint-related disease claims, and cognitive performance claims—that would not include the allegedly contumacious claims about diabetes, diabetic neuropathy, cardiovascular disease, atherosclerosis, and hypertension. I noted that this section heading introduced enough doubt regarding the meaning of the term "any disease" to render the Defendants' interpretation reasonable. ECF No. 49 at 14 n.4. However, the ambiguity arising from the section heading was not glaring, and the FTC pursued nonfrivolous arguments that the section headings should not even be considered in interpreting the judgment, particularly given the breadth of other portions of the judgment and the purpose of the judgment as a whole: to prevent the Defendants from making unsubstantiated medical claims about dietary supplements. Additionally, it was reasonable for the FTC to suggest that the plain meaning of the term "any disease"—to which the Defendants had, after all, agreed—should control the interpretation of the provision.

Because the FTC's position was substantially justified, the Defendants are not entitled to fees under the EAJA.[5]

### III.  CONCLUSION

For the foregoing reasons, the Defendants' motion for attorney fees and to stay FTC administrative proceedings (ECF No. 55) is **DENIED**.

**SO ORDERED.**

**Dated this 20th day of January, 2021.**

        /s/ JON D. LEVY
**CHIEF U.S. DISTRICT JUDGE**

---

[5] Because I conclude that the FTC's position was substantially justified, I do not address its argument that the Defendants' EAJA application was untimely. *Cf. Lichoulas v. City of Lowell*, 555 F.3d 10, 13 (1st Cir. 2009) (noting that "dismissals without prejudice with leave to amend" are generally not treated as final judgments).

7